UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

   vs.

IRFAN GILL,

                                        **INDICTMENT**

          Defendant.

_____/

   The Grand Jury charges:

## INTRODUCTION

1.    At all times relevant to this Indictment, defendant IRFAN GILL was a resident of Portage, Michigan who operated fictitious businesses under the names D Network, Direct Network, Dish, Dish Upgrade, D Tech, Cable Upgrade, and Sky Satellite (collectively, the "Fake Businesses").  Between at least June 2018 and March 2022, GILL, working with a call center in Pakistan, carried out a telemarketing scheme to defraud victims across the United States, many of whom were elderly and vulnerable.

2.    To carry out the scheme, telephone solicitors in Pakistan cold-called victims who had satellite television, cable television, or internet services.  The callers, working on behalf of the Fake Businesses, materially misrepresented, among other things, that the victims needed to pay for equipment upgrades or software upgrades to continue receiving services.  The Fake Businesses did not provide or facilitate any such equipment or software upgrades; upgrades that service providers—including the

satellite television provider for the victims identified in Counts 1 through 7, below—often provided free of charge.

3.      As part of the scheme, telephone solicitors in Pakistan instructed victims how to pay for the equipment and software upgrades, including by sending checks to post office boxes in Portage, Michigan that GILL opened and controlled in the names of the Fake Businesses.  GILL retrieved payments from these post office boxes and deposited the payments in bank accounts that he opened and controlled, including accounts in the names of the Fake Businesses.

4.      GILL tracked the victims that telephone solicitors in Pakistan defrauded and calculated the payments for each telephone solicitor based, in part, on the amount of victim payments that GILL received.  GILL then transferred money from the State of Michigan to telephone solicitors in Pakistan using remittance and money transfer services to pay the solicitors for participating in the telemarketing fraud scheme.

## COUNTS 1 to 7
(Mail Fraud)

5.      Paragraphs 1 through 4 are re-alleged and incorporated as though fully set forth herein.

6.      Beginning as early as June 2018, and continuing through at least March 2022, in the Western District of Michigan, GILL, in connection with the conduct of telemarketing that targeted and victimized ten or more persons over the age of 55, knowingly devised and intended to devise a scheme and artifice to defraud and to

obtain money and property by means of materially false and fraudulent promises, pretenses, and representations.

7.     On or about each date listed below, in the Southern Division of the Western District of Michigan and elsewhere, for the purpose of executing and attempting to execute said scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent promises, pretenses, and representations, the defendant,

IRFAN GILL,

and others known and unknown to the Grand Jury, doing business under the Fake Businesses described above, caused to be deposited in a post office and authorized depository for mail matter a matter or thing to be sent and delivered by the United States Postal Service or commercial interstate carrier, and took and received a matter or thing from a post office or authorized depository for mail matter in the Western District of Michigan.

| Count | Date | Victim (Age) (Residence) | Mail Matter | Mail Depository |
|---|---|---|---|---|
| 1 | 4/29/2019 | E.D. (84) (Indiana) | Check for $235.97 written to "Dish Upgrade" for "Upgrade on Satellite" | Portage, Michigan |
| 2 | 7/11/2019 | M.B. (88) (Iowa) | Check for $220.99 written to "Dish Upgrade" for "Update Box" | Portage, Michigan |
| 3 | 7/13/2019 | S.P. (73) (South Carolina) | Check for $299.65 written to "Dish Upgrade" for "Software Upgrade" | Portage, Michigan |
| 4 | 4/17/2021 | D.T. (76) (Pennsylvania) | Check for $399.99 written to "D Tech" for "Dish TV." | Portage, Michigan |
| 5 | 8/18/2021 | B.G. (72) (Virginia) | Check for $550.99 written to "Dish Upgrade" for "Refundable" | Portage, Michigan |

| Count | Date | Victim (Age) (Residence) | Mail Matter | Mail Depository |
|---|---|---|---|---|
| 6 | 10/14/2021 | C.W. (62) (Texas) | Check for $199.99 written to "Dish Upgrade" for "Dish Software Security Deposit" | Portage, Michigan |
| 7 | 10/15/2021 | B.G. (72) (Virginia) | Check for $399.99 written to "Dish Upgrade" for "FINAL UPGRADE PYMT" | Portage, Michigan |

**18 U.S.C. § 1341**
**18 U.S.C. § 2326(2)**

## COUNTS 8 to 18
(Money Laundering)

8.     Paragraphs 1 through 7 are re-alleged and incorporated as though fully set forth herein.

9.     On or about each date listed below, the defendant,

IRFAN GILL,

knowingly transported, transmitted, and transferred a monetary instrument and funds from a place in the United States, that is, the State of Michigan, to and through a place outside the United States, that is, Pakistan, with the intent to promote the carrying on of a specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341.

| Count | Date | Sender (Location) | Recipient (Location) | Amount (USD) |
|---|---|---|---|---|
| 8 | 1/21/2021 | GILL (Michigan) | M.H. (Pakistan) | $120.00 |
| 9 | 2/24/2021 | GILL (Michigan) | M.H. (Pakistan) | $700.00 |
| 10 | 4/20/2021 | GILL (Michigan) | M.H. (Pakistan) | $800.00 |
| 11 | 4/21/2021 | GILL (Michigan) | M.H. (Pakistan) | $450.00 |
| 12 | 4/26/2021 | GILL (Michigan) | K.N. (Pakistan) | $1,000.00 |
| 13 | 5/5/2021 | GILL (Michigan) | K.N. (Pakistan) | $1,777.00 |
| 14 | 5/21/2021 | GILL (Michigan) | K.N. (Pakistan) | $2,372.00 |
| 15 | 7/13/2021 | GILL (Michigan) | M.H.F. (Pakistan) | $2,247.00 |
| 16 | 8/5/2021 | GILL (Michigan) | M.H.F. (Pakistan) | $2,243.00 |
| 17 | 9/7/2021 | GILL (Michigan) | S.S. (Pakistan) | $1,400.00 |

| Count | Date | Sender (Location) | Recipient (Location) | Amount (USD) |
|---|---|---|---|---|
| 18 | 9/21/2021 | GILL (Michigan) | M.H.F. (Pakistan) | $2,550.00 |

**18 U.S.C. § 1956(a)(2)(A)**
**18 U.S.C. § 1956(c)(7)**
**18 U.S.C. § 1961(1)**

## <u>FORFEITURE ALLEGATION</u>
(Mail Fraud)

The allegations contained in this Indictment are hereby realleged and reincorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(8).

Upon convictions of the offenses in violation of Title 18, United States Code, Section 1341 set forth in Counts 1 to 7 of this Indictment, the defendant,

IRFAN GILL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(8), any real or personal property (1) used or intended to be used to commit, to facilitate, or to promote the commission of such offenses; and (2) constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the offenses.  The property to be forfeited includes, but is not limited to, the following:

1. <u>PERSONAL PROPERTY</u>.

   a. a Lenovo IdeaPad 300-17ISK laptop computer with serial number PF0I716Y;

   b. a Dell Inspiron 15 laptop computer with serial number 918Z062;

   c. a Gateway desktop computer, model SX2855-UB10P, with serial number PTGCFP2008150038549600;

   d. an HP desktop computer with serial number 8CC2241WM8; and

   e. an ASUS desktop computer, model BCM94352HMB, with serial number F3PTAL006059.

2.     <u>MONEY JUDGMENT</u>.  A sum of money equal to at least $496,000, which represents the amount of gross proceeds obtained, directly or indirectly, from the telemarketing fraud described in Counts 1 to 7 of this Indictment.

3.     <u>SUBSTITUTE ASSETS</u>.  If any of the property above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 982(a)(8)**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**

## <u>FORFEITURE ALLEGATION</u>
(Money Laundering)

The allegations contained in this Indictment are hereby realleged and reincorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956(a)(2)(A) set forth in Counts 8 to 18 of this Indictment, the defendant,

IRFAN GILL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

1.  <u>MONEY JUDGMENT</u>.  A sum of money equal to at least $15,659.00, which represents the amount of money involved in the offenses charged in Counts 8 to 18 of this Indictment.

2.  <u>SUBSTITUTE ASSETS</u>.  If any of the property above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

9

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 982(b)(1)**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**

A TRUE BILL

_____
GRAND JURY FOREPERSON

MARK A. TOTTEN
United States Attorney

_____
ADAM B. TOWNSHEND
Assistant United States Attorney