UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No: 1:23-CR-156

IRFAN GILL,                                                      Hon. Jane M. Beckering
                                                                           United States District Judge

        Defendant.
_____/

## JOINT TRIAL STIPULATIONS

**I.     JOINT STIPULATIONS OF FACT**

    1.     The parties stipulate and agree that Defendant opened the following bank accounts on or about the following dates.  The parties further stipulate and agree that Defendant controlled the bank accounts listed below at all times relevant to the Indictment.

|    | Opening Date | Bank (Account Number) | Account Name | Signatory |
|----|---|---|---|---|
| a. | 1/19/2012 | Flagstar Bank (xxxx6743) | Paragon Leather | Irfan Gill |
| b. | 6/6/2014 | Flagstar Bank (xxxx3349) | Irfan Gill d/b/a Paragon Auto Sales | Irfan Gill |
| c. | 3/21/2016 | Flagstar Bank (xxxx9416) | Irfan Gill/Taukir Gill | Irfan Gill Taukir Gill |
| d. | 11/3/2016 | Comerica Bank (xxxx7923) | Paragon Auto Sales | Irfan Gill |
| e. | 9/20/2017 | Comerica Bank (xxxx1433) | Paragon Leather, Inc. | Irfan Gill |
| f. | 7/1/2018 | Comerica Bank (xxxx8079) | Irfan Gill d/b/a Sky Satellite | Irfan Gill |
| g. | 10/2/2018 | Comerica Bank (xxxx8228) | Irfan Gill d/b/a Dish | Irfan Gill |
| h. | 12/26/2018 | Comerica Bank (xxxx7980) | Irfan Gill d/b/a D Network | Irfan Gill |
| i. | 2/4/2019 | Comerica Bank (xxxx8277) | Irfan Gill d/b/a D Tech | Irfan Gill |

|     | Opening Date | Bank (Account Number) | Account Name | Signatory |
|-----|--------------|----------------------|--------------|-----------|
| j.  | 6/1/2019 | Comerica Bank (xxxx8269) | Irfan Gill d/b/a Dish Upgrade | Irfan Gill |
| k.  | 6/4/2019 | Flagstar Bank (xxxx0747) | Irfan Gill d/b/a D Tech | Irfan Gill |
| l.  | 6/4/2019 | Flagstar Bank (xxxx9972) | Irfan Gill d/b/a Dish Upgrade | Irfan Gill |
| m.  | 6/4/2019 | Flagstar Bank (xxxx9617) | Irfan Gill d/b/a D Network | Irfan Gill |
| n.  | 6/4/2019 | Flagstar Bank (xxxx8940) | Irfan Gill d/b/a Paragon Auto Sales, LLC | Irfan Gill |
| o.  | 7/16/2019 | Old National Bank (xxxx6447) | Irfan Gill d/b/a Dish Upgrade | Irfan Gill |
| p.  | 7/16/2019 | Old National Bank (xxxx6458) | Irfan Gill d/b/a D Network | Irfan Gill |
| q.  | 7/16/2019 | Old National Bank (xxxx6480) | Irfan Gill d/b/a Direct Network | Irfan Gill |
| r.  | 9/17/2019 | First Source Bank (xxxx8538) | Irfan Gill d/b/a Direct Network | Irfan Gill |
| s.  | 9/18/2019 | Mercantile Bank (xxxx5475) | Irfan Gill d/b/a D Network | Irfan Gill |
| t.  | 9/20/2019 | Horizon Bank (xxxx2570) | Irfan Gill d/b/a Dish Upgrade | Irfan Gill |
| u.  | 12/17/2019 | Mercantile Bank (xxxx0136) | Irfan Gill | Irfan Gill |
| v.  | 2/19/2020 | Huntington Bank (xxxx2631) | Irfan Gill d/b/a Dish Upgrade | Irfan Gill |
| w.  | 3/17/2020 | Huntington Bank (xxxx6807) | Paragon Auto Sales | Irfan Gill |
| x.  | 3/17/2020 | Huntington Bank (xxxx5078) | Paragon Promotions USA | Irfan Gill |
| y.  | 3/17/2020 | Huntington Bank (xxxx4656) | Irfan Gill | Irfan Gill |
| z.  | 5/9/2020 | Huntington Bank (xxxx4593) | Paragons Promotion Inc. | Irfan Gill |
| aa. | 9/23/2020 | Mercantile Bank (xxxx7257) | Irfan Gill d/b/a D Tech | Irfan Gill |
| bb. | 1/25/2021 | Huntington Bank (xxxx9934) | Irfan Gill d/b/a D Network | Irfan Gill |
| cc. | 6/23/2021 | Mercantile Bank (xxxx3893) | Irfan Gill d/b/a Cable Upgrade | Irfan Gill |
| dd. | 4/19/2022 | Flagstar Bank (xxxx3042) | Irfan Gill POD | Irfan Gill |
| ee. | 4/19/2022 | Flagstar Bank (xxxx3034) | Irfan Gill POD | Irfan Gill |

|    | **Opening Date** | **Bank**<br>**(Account Number)** | **Account Name** | **Signatory** |
|----|------------------|----------------------------------|------------------|---------------|
| ff. | 6/23/2022 | Flagstar Bank<br>(xxxx4788) | Paragons Promotion, Inc. | Irfan Gill |

2. The parties stipulate and agree that Defendant worked with call centers in Pakistan, including Orion IT Solutions in Lahore, Pakistan, that initiated and engaged in international telephone calls to individuals in the United States as part of a plan, program, promotion, or campaign conducted to induce the purchase of goods or services. By this stipulation, the parties do not agree on whether the goods or services were actually provided. Defendant does not stipulate that he knew that any of the calls placed by Orion IT Solutions were part of a fraudulent or illegal plan or scheme.

II. **JOINT STIPULATIONS AND AGREEMENTS REGARDING THE ADMISSIBILITY OF BUSINESS RECORDS AT TRIAL**

3. The parties stipulate and agree that the following exhibits are authentic and constitute records of regularly conducted activity within the meaning of Federal Rules of Evidence 901 and 803(6). Additionally, the parties stipulate and agree to the admissibility of such records as duplicates under Federal Rule of Evidence 1003. As a result, the government will not be required to produce records custodians for the source documents at the time of trial to establish the foundation for the business records exception or otherwise authenticate the documents prior to their admission into evidence, nor will the government be required to produce original documents. This stipulation and agreement does not prohibit or limit Defendant from making other objections to the admission of such documents at the time of trial, including, but not limited to, relevancy objections under Federal Rule of Evidence 401 or unfair prejudice under Federal Rule of Evidence 403.

| Exhibit(s) | Description |
|---|---|
| 7–20 | Comerica Bank Account Records |
| 24–32 | Old National Bank Account Records |
| 35–40 | Horizon Bank Account Records |
| 42 | Post Office Box Applications |
| 44 | First Source Bank Account Records |
| 45–50 | Flagstar Bank Account Records |
| 51–56 | Mercantile Bank Account Records |
| 57–69 | Huntington Bank Account Records |
| 99–111 | Irfan Gill Personal and Corporate Tax Returns |
| 118 | Paycheck Protection Program Documents – Dish Upgrade |
| 122–23 | Mercantile Bank Account Records |
| 124–129 | E.D., M.B., S.P., D.T., and B.G. Checks from Bank Accounts |
| 132 | Western Union Transactions |
| 133 | Remitly Transactions |
| 134 | Charter Communications Subscriber Records |
| 144 | Huntington Bank Account Records |
| 157 | Huntington Bank Account Record |
| 160 | Huntington Bank Account Record |

4. The parties stipulate and agree that, based on the certification provided by the Michigan Unemployment Insurance Agency in accordance with Federal Rules of Evidence 902(11) and 902(13), the records contained Exhibit 112 constitute records of regularly conducted activity within the meaning of Federal Rule of Evidence 803(6). As a result, the government will not be required to produce a records custodian from the Michigan Unemployment Insurance Agency to establish the foundation for the records in Exhibit 112 or otherwise admit the records prior to their admission into evidence.

### III.  JOINT STIPULATION REGARDING EXHIBIT 111

5. The parties stipulate and agree that the Michigan Department of Treasury certifications in Exhibit 111 comply with the requirements of Federal Rule of Evidence 902(1)(A) and constitute certifications of the absence of public records within the meaning of Federal Rule of Evidence 803(10). As a result, the government will not be required to produce a records

custodian from the Michigan Department of Treasury to establish the foundation for the certifications or otherwise admit the certifications prior to their admission into evidence.

IV.     **JOINT STIPULATIONS REGARDING DIGITAL MEDIA EVIDENCE**

6.      The parties stipulate and agree that the following exhibits are copies of files sourced from Defendant's computers (the "Computers") that were seized and imaged during the execution of federal search warrants on May 18, 2023 (collectively, the "Computer Exhibits"):

| Exhibit(s) | Description |
| --- | --- |
| 112 | Paragon Leather Business Records |
| 113 | Paragon Auto Sales Business Records |
| 114 | Paragon Promotions Business Records |
| 117 | Credit Card Merchant Dispute Letters |
| 130 | Irfan Gill Computer Folder List and Content Examples |
| 131 | Irfan Gill Payment Calculation Spreadsheets |
| 135–142 | Irfan Gill Payment Calculation Spreadsheets Relating to M.H., K.N., H.F., and S.S. |
| 147 | Call Center Notes |
| 149 | Paragon Promotions Owner Draws |
| 158 | Metadata for Call Center Notes in Exhibit 147 |

7.      The parties stipulate and agree to the foundation and to the authenticity of the Computer Exhibits within the meaning of Federal Rule of Evidence 901(a).  As a result, the government will not be required to produce witnesses to testify to the Computers' chain of custody; *i.e.*, that the Computers remained in the same condition, without alteration, while in the witnesses' possession.  Nor will the government be required to produce witnesses to testify about the fact, or the reliability of, the processes used to forensically image the Computers.

8.      The parties further stipulate and agree that copies of files, data, and information from the Computers are admissible at trial to the same extent as original Computer evidence (including original hard drives and computer disks), including the Computer Exhibits identified above.  In light of the foregoing stipulations, Defendant waives any and all objections, and will not object, to the admissibility of the Computer Exhibits on the grounds of foundation,

authentication, that the Computer Exhibits are not the original files, or any other objection under Articles IX and X of the Federal Rules of Evidence.

Dated: July 1, 2024            Respectfully submitted,

MARK A. TOTTEN
United States Attorney

/s/ *Adam Townshend*
ADAM TOWNSHEND
STEPHEN BAKER
Assistant U.S. Attorneys

*Counsel for the United States*


/s/ *Scott Graham*
SCOTT GRAHAM
Scott Graham PLLC

*Counsel for Irfan Gill*